Filed 6/8/15  P. v. Gomez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN SAMUEL GOMEZ,<br><br>Defendant and Appellant. | F068965<br><br>(Super. Ct. No. BF151810B)<br><br>**OPINION** |

-ooOoo-

**THE COURT***

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### PROCEDURAL AND FACTUAL SUMMARY

Defendant John Samuel Gomez was charged in a felony criminal complaint filed on November 21, 2013, with eight felony counts:  possession of methamphetamine for

---

*Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

sale (Health & Saf. Code, § 11378, count 1), possession of marijuana for sale (*id.*, at § 11359, count 2), possession of methamphetamine (*id.*, at § 11377, subd. (a), count 3), two counts of manufacture or possession of a billy, blackjack, sandbag, sandclub, sap, or slungshot (Pen. Code, § 22210, counts 4 & 5), participation in a criminal street gang (*id.*, at § 186.22, subd. (a), count 6), and two counts of being a felon in possession of gun ammunition (*id.*, at § 30305, subd. (a)(1), counts 7 & 8).[1] The complaint listed several prior felony convictions defendant suffered between 1989 and 2010.

On December 10, 2013, defendant initialed and signed a felony advisement, waiver of rights, and plea form. Under the terms of the agreement, defendant would receive a stipulated prison sentence of three years in state prison on count 1 and a concurrent sentence of three years on count 7. The remaining allegations in the complaint as well as two unrelated criminal actions would also be dismissed. In the plea form defendant was advised of and waived his constitutional rights pursuant to *Boykin/Tahl*.[2] Defendant further waived his right to a preliminary hearing and to an in-depth probation report.

At the change of plea hearing, the trial court confirmed defendant understood, initialed, and signed the plea form. Defendant said he understood and gave up his constitutional rights. The parties stipulated there was a factual basis for the plea. Defendant pled no contest to counts 1 and 7. The court granted the prosecutor's motion to dismiss the remaining allegations in the instant action and the two unrelated actions.

Because there was no preliminary hearing and defendant waived an extended probation report, the facts of the offense are set forth in the complaint. On November 19, 2013, defendant and codefendants Janice Gomez, and Danielle Harold were arrested for

---

[1]The complaint alleged two misdemeanor counts for possession of narcotics paraphernalia.

[2]*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

selling methamphetamine and marijuana.  Defendant was also in possession of two blackjacks, ammunition, and drug paraphernalia at the time of his arrest.

On January 9, 2014, the trial court sentenced defendant to state prison for the upper term of three years on count 1 and to a concurrent term of three years on count 7.  Defendant was ordered to pay fines and fees, including a restitution fine of $280 pursuant to Penal Code section 1202.4.  The court granted appellant actual custody credits of 52 days, conduct credits of 52 days, and total custody credits of 104 days.  Defendant obtained a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court.  By letter on May 30, 2014, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.